UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
AJMEL A. QUERESHI
UNITED STATES MAGISTRATE JUDGE

U.S. COURTHOUSE
6500 CHERRYWOOD LANE
GREENBELT, MARYLAND 20770
(301) 344-0393

January 27, 2023

LETTER TO COUNSEL

    Re: *Donald B. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
    Civil No. AAQ-21-2657

Dear Counsel:

On October 15, 2021, Plaintiff Donald B. ("Plaintiff") petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for disability insurance financial assistance under Title II of the Social Security Act. ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 11, 12. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, vacate the Commissioner's decision, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

## I.    The History of this Case

Plaintiff filed his claim for financial assistance on February 26, 2019, alleging a disability onset date of February 17, 2018. ECF No. 8-3 at 21. An Administrative Law Judge ("ALJ") determined that Plaintiff did not have a disability within the meaning of the Social Security Act during the relevant time frame. *Id.* at 22. The Appeals Council denied Plaintiff's request for review, *id.* at 6; thus, the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

The ALJ found that Plaintiff suffered from the severe impairment of "degenerative disc disease with radiculopathy." ECF No. 8-3 at 23. Despite this impairment, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except that the claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He can never climb ladders, ropes, or scaffolds. He m[u]st avoid concentrated exposure to vibration and hazards, such as moving machinery and unprotected heights. The claimant requires the use [of] a cane for ambulation. He needs the option to alternate between sitting and standing an average of every 30 minutes (as defined at hearing) while remaining on task.

*Donald B. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-2657
January 27, 2023
Page: 2

*Id.* at 24-25.

The ALJ's analysis in support of the aforementioned RFC focused on whether Plaintiff's alleged symptoms were consistent with the evidence in the record and the extent to which these symptoms limited Plaintiff's ability to perform work-related activities. *Id.* at 25. Although the ALJ found "that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms[,] . . . the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms [we]re not entirely consistent with the medical evidence and other evidence in the record[.]" *Id.* The ALJ began by recounting Plaintiff's testimony that he has pain which radiates down both of his legs; he has needed a cane to walk since early 2020; he can walk for approximately thirty feet at a time, and cannot stand for more than an hour; although he can sit in a recliner for up to an hour, he cannot sit in an office chair for any length of time; he has to lie down during the day to manage his pain; he cannot lift much weight and has been instructed not to lift more than eight pounds; and his medications cause him to experience sleepiness and blurred vision. *Id.*

The ALJ then compared Plaintiff's testimony regarding his symptoms with his medical records. *Id.* at 25-27. The ALJ emphasized, among other things, that in July 2018, Plaintiff had successful back surgery; he was observed in August 2018 sitting comfortably in an exam chair with no distress; he did not consistently tell medical providers that he needed to lie down during the day, nor did medical providers find that he had to; he acknowledged the ability to dress and bathe himself and attend church once or twice a month; his medical records noted that he denied having side effects from his medication; in February 2019, Plaintiff was observed conducting straight leg raises, walking with a normal gait, and responding with intact reflexes; in September 2019, he denied having pain, had a full range of extremity and lumbar spine motion, had no musculoskeletal tenderness, and had no focal motor deficits; and that in May 2020, he was found to have 4/5 lower extremity strength and full strength in his lower right extremity. *Id.* at 26-27. In sum, the ALJ stated:

> the record as a whole, including the evidence of an "excellent" decompression surgery with no residual compressive pathology, the negative EMG/NCS testing, the claimant's denial of side effects in the record, the evidence of sitting comfortably upon examination, and the medical examinations showing good extremity and lumbar spine motion, no sensory or motor deficits outside the left lower extremity, normal/fluid gait and station, normal reflexes and coordination, and no tenderness to palpation of the spine, I have concluded that the claimant is capable of a range of sedentary work with a sit/stand option as set forth in the above residual functional capacity.

Case 8:21-cv-02657-AAQ   Document 13   Filed 01/27/23   Page 3 of 6

*Donald B. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-2657
January 27, 2023
Page: 3

*Id.* at 27.

After making this determination, the ALJ considered the medical opinions of several doctors, which they found persuasive to varying degrees. *Id.* at 27-28. Notably, the ALJ noted that they found the opinion of Dr. Michael Jacobs "somewhat persuasive." *Id.* at 28. "Dr. Jacobs . . . found that the claimant can lift up to 5 pounds occasionally and 10 pounds rarely, must avoid crouching/crawling/bending, should perform no balancing or climbing, should not operate heavy machinery, and can only stand/walk up to 5 minutes per hour for a total of 45 minutes per day[.]" *Id.* at 28. Nonetheless, the ALJ concluded "[t]he specific exertional and non-exertional limitations provided by Dr. Jacobs are not consistent with the record as a whole," notably

> evidence of no residual compressive pathology post-surgery with vertebral body heights maintained, the negative EMG/NCS testing, and the evidence of normal/fluid gait and station, 5/5 strength outside the left lower extremity, sitting comfortable upon examination in no acute distress, displaying normal extremity and lumbar spine motion, and having no tenderness to palpation of the lumbar spine[.]

*Id.*

Applying this RFC, the ALJ determined that Plaintiff was unable to perform past relevant work as a truck driver but could perform other jobs that exist in significant numbers in the national economy. *Id.* at 29-30. Therefore, the ALJ determined that Plaintiff did not have a disability. *Id.*

## II.     Plaintiff's Arguments on Appeal

Plaintiff raises four arguments on appeal, specifically that the ALJ: (1) failed to provide a narrative discussion explaining how the evidence supported each of their conclusions regarding Plaintiff's RFC; (2) failed to perform a function-by-function assessment of Plaintiff's work-related abilities; (3) erroneously evaluated Plaintiff's subjective complaints; and (4) erroneously relied on the testimony of the vocational expert. ECF No. 11-1 at 3-21.

As noted above, Plaintiff's second argument is that the ALJ failed to perform a function-by-function assessment of Plaintiff's ability to perform work related activities when determining his RFC. *Id.* at 8. When determining the RFC of the claimant, the ALJ must incorporate a function-by-function assessment of their ability to do work-related activities. Social Security Ruling 96-8p.

The United States Court of Appeals for the Fourth Circuit has held that such a function-by-function assessment requires ALJs to evaluate "a claimant's ability to perform the physical

Case 8:21-cv-02657-AAQ   Document 13   Filed 01/27/23   Page 4 of 6

*Donald B. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-2657
January 27, 2023
Page: 4

functions listed in [the regulations]," including "sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions [that] may reduce [a claimant's] ability to do past work and other work." *Dowling v. Comm'r of Soc. Sec. Admin.*, 986 F.3d 377, 387 (4th Cir. 2021). The RFC analysis should describe "how the evidence supports each conclusion reached by the ALJ by citing to evidence and articulating all inferences drawn therefrom." *Nancy G. v. Kijakazi*, No. GLS 20-3440, 2022 WL 363824, at *3 (D. Md. Feb. 4, 2022) (citing *Thomas v. Berryhill*, 916 F.3d 307, 312-13 (4th Cir. 2019)); *see also Dowling*, 986 F.3d at 387 ("[E]very conclusion reached by an ALJ when evaluating a claimant's RFC must be accompanied by 'a narrative discussion describing [ ] the evidence' that supports it.") (quoting *Thomas*, 916 F.3d at 311). "This function-by-function assessment is not the same as an assessment of the intensity and persistence of Plaintiff's symptoms, the latter of which is outlined in SSRs 96-7p and 16-3p." *Henderson v. Kijakazi*, No. AAQ-20-3346, 2022 WL 1555408, at *2 (D. Md. May 17, 2022). As noted in *Dowling*, Plaintiff's symptoms are relevant to the RFC evaluation, but an RFC assessment is "a separate and distinct inquiry from a symptom evaluation." 986 F.3d at 387. Treating the two as the same can lead to error, *id.*, and may warrant remand. *Britt v. Saul*, 860 F. Appx. 256, 262 (4th Cir. 2021). Remand will be appropriate where the ALJ "fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015).

In this case, the ALJ concluded Plaintiff had the "residual functional capacity to perform 'sedentary' work as defined in 20 CFR 404.1567(a)," followed by a series of limitations regarding his ability to climb, balance, stoop, kneel, crouch, and crawl, among other limitations. ECF No. 8-3 at 24-25. Per federal regulations:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 CFR § 404.1567(a); *see also* SSR 83-10 ("By its very nature, work performed primarily in a seated position entails no significant stooping. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions. 'Occasionally' means occurring from very little up to one-third of the time.").

Having found Plaintiff's impairment to be severe, the ALJ "needed to articulate how th[is] impairment[] translated into the RFC limitation." *Nancy G.*, 2022 WL 363824, at *4. As outlined above, instead of performing a function-by-function assessment, the ALJ here proceeded by

Case 8:21-cv-02657-AAQ   Document 13   Filed 01/27/23   Page 5 of 6

*Donald B. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-2657
January 27, 2023
Page: 5

evaluating Plaintiff's symptoms and let that evaluation guide the determination. The Commissioner does not dispute this point, but instead argues that this error was harmless because the ALJ's RFC discussion, although focused on Plaintiff's alleged symptoms, adequately explained the basis for each conclusion regarding Plaintiff's ability to perform each of the functions inherent in sedentary work. ECF No. 12-1, at 11-12. As Plaintiff highlights, however, the ALJ's analysis is silent as to the basis on which they concluded that Plaintiff could lift up to ten pounds at a time and occasionally lift and carry objects. ECF No. 11-1 at 11. As noted above, Plaintiff testified that he cannot lift much weight and that he has been instructed not to carry more than eight pounds. According to Dr. Jacobs, Plaintiff can only lift five pounds on an occasional basis. These conclusions were supported by the medical record, which noted that Plaintiff sought care for significant back pain after lifting cases of water. ECF No. 8-3, at 25; *see also id.* at 71 ("Aggravating factors for the patient's pain include . . . lifting ."). Furthermore, as the ALJ acknowledged, Plaintiff requires the assistance of a cane to walk, drawing into further question how Plaintiff could carry articles while walking, as sedentary work requires. Although the ALJ's analysis, even though conducted incorrectly, includes a sufficient basis upon which this Court can "fathom" the ALJ's reasoning regarding Plaintiff's ability to sit, there is no discussion from which to assess the ALJ's reasoning regarding Plaintiff's ability to lift. *See Britt*, 860 Fed. Appx. at 262 ("Meaningful review is frustrated – and remand necessary – only where we are unable to fathom the [ ] rationale in relation to evidence in the record." (internal citations and quotation marks omitted)). Neither the ALJ's discussion of Plaintiff's medical records or of Dr. Jacobs' opinion accounts for this specific function or explains why Plaintiff's testimony and Dr. Jacobs' conclusion regarding Plaintiff's ability to lift were not persuasive in crafting the RFC.

Perhaps recognizing the insufficiency of the ALJ's analysis, the Commissioner alternatively contends that the ALJ did perform a function-by-function analysis because the ALJ cited to 20 CFR § 404.1567(a) – the definition of sedentary work. *See* ECF No. 12-1 at 12 ("Defendant respectfully asserts that the ALJ's function-by-function analysis was inherent in the regulation's definition of sedentary work."). This Court has previously rejected this argument for good reason. *See Henderson*, 2022 WL 1555408, at *3 (rejecting the argument that "the ALJ did perform a function-by-function analysis because she cited to 20 CFR 404.1567(b)."). Mere citation to the regulation outlining functions is not the same as evaluating those functions in the context of Plaintiff's limitations. *Id*. To accept the Commissioner's argument would be in direct contradiction to the Fourth Circuit's command that the ALJ provide a narrative discussion supporting its conclusions. As noted, where the ALJ has provided some analysis of the relevant function – even if conducted incorrectly – the Court may be able to fathom what the ALJ's reasoning may have been, making remand unnecessary. However, to simply conclude, as the Commissioner asks, that the ALJ conducted the proper analysis where they failed to discuss the matter entirely would eviscerate any meaningful review this Court may conduct.

As this case is being remanded on other grounds, I do not need to address Plaintiff's arguments regarding the ALJ's other alleged failures.

*Donald B. v. Kilolo Kijakazi, Commissioner, Social Security Administration*
Civil No. AAQ-21-2657
January 27, 2023
Page: 6

### III.   CONCLUSION

For the reasons set forth herein, Plaintiff's Motion for Summary Judgment, ECF No. 11, is DENIED and Defendant's Motion for Summary Judgment, ECF No. 12, is DENIED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is VACATED. This case is REMANDED for further proceedings in accordance with this opinion.

Despite the informal nature of this letter, it is an Order of the Court and should be treated accordingly. An implementing order follows.

Sincerely,

/s/
Ajmel A. Quereshi
United States Magistrate Judge